UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-22280-civ-COOKE/TORRES

ROY L. TAYLOR and
SUZANNE TAYLOR, his wife,

    Plaintiffs,

vs.

GEORGIA-PACIFIC, LLC,
IMPERIAL INDUSTRIES, INC.,
individually and as parent company to
PREMIX-MARBLETITE MFG. CO.,
and as successor to ADOBE BRICK
AND SUPPLY, PREMIX-MARBLETITE
MFG. CO., individually and as subsidiary
of IMPERIAL INDUSTRIES, INC., and
UNION CARBIDE CORPORATION,

    Defendants.
_____/

**ORDER GRANTING PLAINTIFFS'
EMERGENCY MOTION TO REMAND**

    This is a products liability case that was commenced on August 26, 2014 in the Circuit Court in and for Miami-Dade County, Florida. The Circuit Court placed this action on an expedited trial schedule pursuant to Section 415.1115, Florida Statutes, based upon Plaintiff Roy L. Taylor's advanced age and the fact that he suffers from pleural mesothelioma, a terminal illness. Defendants Georgia-Pacific, LLC ("Georgia-Pacific") and Union Carbide Corporation ("Union Carbide") removed the case to this Court on June 16, 2015 after receiving information that the non-diverse Defendants Premix-Marbletite Mfg. Co. ("Premix") and Imperial Industries, Inc. ("Imperial") had settled with Plaintiffs. Plaintiffs then filed an Emergency Motion to Remand on June 19, 2015. (ECF No. 36). Defendants Georgia-Pacific and Union Carbide each responded. (ECF Nos. 39, 40). For the reasons that follow, Plaintiffs' Emergency Motion to Remand is granted.

1

## I. BACKGROUND

Prior to its removal to this Court, this case was set for an expedited jury trial commencing on August 3, 2015 due to Plaintiff Roy L. Taylor's advanced age and ailing health. All fact discovery has been completed, and only expert witness depositions remain to be taken.

Defendants Premix and Imperial are Florida corporations with their principal place of business in Florida. Plaintiffs are also citizens of Florida for diversity jurisdiction purposes.

On June 10, 2015, counsel for Defendants Premix and Imperial sent counsel for Georgia-Pacific an e-mail stating that Premix and Imperial had settled Plaintiffs' claims against them. The next day, Plaintiffs' counsel also stated that Plaintiffs had settled with Premix, therefore Premix's counsel would not be in attendance at that day's deposition. However, neither Premix nor Imperial have been dismissed from this action. On June 16, 2015, Defendants Georgia-Pacific and Union Carbide removed this case to this Court.

## II. LEGAL STANDARDS

"Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (citing 28 U.S.C. § 1332(a)). "[T]he burden of proving jurisdiction lies with the removing defendant." *Williams*, 269 F.3d at 1319. "Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001). "[R]emoval statutes are construed narrowly." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

## III. DISCUSSION

The disputed issue at hand is whether removal was proper given that the non-diverse Defendants have not yet been dismissed from this action. Defendants Georgia-Pacific and Union Carbide take the position that dismissal is not required, only a settlement. Plaintiffs take the position that dismissal is required.

The only Eleventh Circuit case that the parties have cited to which sheds light on the issue suggests that dismissal is required. In *Maseda v. Honda Motor Co., Ltd.*, 861 F.2d 1248 (11th Cir. 1988), the plaintiffs sued a non-diverse defendant and other diverse defendants. The non-diverse defendant brought a cross-claim for indemnity against a diverse defendant. Subsequently, the plaintiffs voluntarily dismissed their claims against the cross-claimant, which permitted the remaining defendants to remove the case to federal district court. The issue before the Eleventh Circuit was, *inter alia*, whether the district court had subject matter jurisdiction to rule on the cross-claim. In answering the question in the affirmative, the Eleventh Circuit stated, "While it is true that a nondiverse defendant must be formally dismissed from the case to permit a subsequent removal, this in effect requires only that the plaintiff dismiss all his claims asserted against the nondiverse defendant and does not prevent the federal court from exercising ancillary jurisdiction over a third-party claim against a defendant or a cross-claim between defendants." *Id.* at 1252.

Other cases similarly hold that formal dismissal of nondiverse defendants is necessary prior to removal. *See, e.g.*, *Noyes v. Universal Underwriters Ins. Co.*, 3 F.Supp.3d 1356, 1363 (M.D. Fla. 2014) ("[T]he case did not become completely diverse until the Court entered an order dismissing LoNigro with prejudice."); *Clark v. BHP Copper, Inc.*, No. C10-1058 TEH, 2010 WL 1266392, at *2 (N.D. Cal. Mar. 30, 2010) ("settlement with a non-diverse party does not establish diversity jurisdiction unless and until that party is dismissed from the action").

Defendants argue that *Maseda's* statement regarding the need to have formal dismissal of nondiverse defendants prior to removal is merely *dicta*. While that statement may not have risen to the level of a holding of the Eleventh Circuit, its unequivocal nature signals this Circuit's inclination to require formal dismissal. Moreover, "there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001). Given that the settlement between Plaintiffs and the nondiverse Defendants has yet to be finalized, and that the nondiverse Defendants have not been dismissed from this case, removal jurisdiction is uncertain and remand is warranted. Nevertheless,

3

since there is no clear, binding precedence in this area of law in this Circuit, Plaintiffs' request for attorneys' fees is denied.

Accordingly, it is **ORDERED and ADJUDGED** that

1. Plaintiffs' Emergency Motion to Remand (ECF No. 36) is **GRANTED**.

2. This matter is remanded to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

3. Plaintiffs' request for attorneys' fees is **DENIED**.

4. The Clerk of Court is directed to **CLOSE** this case.

5. All pending motions, if any, are **DENIED AS MOOT**.

**DONE AND ORDERED** in chambers, at Miami, Florida, this 24th day of June 2015.

*[signature]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*

4